**Affirmed and Majority and Concurring and Dissenting Opinions filed April 30, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00132-CV

---

## K.R. THIAGARAJAN, APPELLANT

## V.

## SHARMA TADEPALLI, APPELLEE

---

**On Appeal from 23rd District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 64983**

---

### NO. 14-13-00133-CV

---

## SHARMA TADEPALLI, APPELLANT

## V.

## THE SRI MEENAKSHI TEMPLE SOCIETY, APPELLEE

# CONCURRING AND DISSENTING OPINION

To determine the merits of the defamation claims asserted by the director of a non-profit corporation that owns and operates the Hindu temple, against the former secretary of that corporation, the trial court would have to resolve a religious controversy. Therefore, in Cause No. 14-13-00132-CV, it is proper to affirm the trial court's dismissal of the defamation claims. But, the third-party indemnity claims asserted by the former secretary can be determined under neutral principles of law, without resolving any religious controversy. For this reason, in Cause No. 14-13-00133-CV, this court should reverse the trial court's dismissal of these third-party claims and remand the indemnity claims for further proceedings.

## *Ecclesiastical Abstention Doctrine*

The Free Exercise Clause of the First Amendment to the United States Constitution provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof."[1] This constitutional prohibition precludes civil courts from inquiring into matters concerning "'theological controversy, church discipline, ecclesiastical government, or the conformity of the members of a church to the standard of morals required of

---

[1] U.S. Const. amend I. Appellee, the Sri Meenakshi Temple Society, did not invoke article I, section 6 of the Texas Constitution as a basis for dismissing the third-party claims against it, and this court need not address the extent to which any ecclesiastical abstention doctrine under the Texas Constitution is broader than the ecclesiastical abstention doctrine under the Free Exercise Clause of the United States Constitution. *See* U.S. Const. amend I.; Tex. Const. art. I, § 6.

them.'"[2]  Determining the reach of subject-matter jurisdiction in disputes involving religious organizations requires consideration of competing demands.[3]  Courts do not have jurisdiction to decide questions of an ecclesiastical or inherently religious nature.[4]  Yet, Texas courts are duty-bound to exercise jurisdiction vested in them by the Texas Constitution and cannot delegate their judicial prerogative when jurisdiction exists.[5]  Properly exercising jurisdiction requires courts to apply neutral principles of law to non-ecclesiastical issues involving religious entities in the same manner as they apply those principles to other entities and issues.[6]  Thus, a court may interpret church documents in purely secular terms, without relying on religious precepts in resolving the conflict.[7]  If, however, a court cannot determine an issue without resolving a religious controversy, the court must defer to the resolution of the issue by the appropriate ecclesiastical decision makers.[8]  To resolve this question, courts must look to the substance and effect of the complaint, not its emblemata, to determine its ecclesiastical implication.[9]

### *Indemnity Claims*

In the trial court, Sharma Tadepalli, the appellant in Cause No. 14-13-00133-CV, asserted third-party claims against the appellee, The Sri Meenakshi

---

[2] *Serbian E. Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 713–14 (1976) (quoting *Watson v. Jones*, 80 U.S. (13 Wall.) 679, 733 (1872)).

[3] *Masterson v. Diocese of Nw. Tex.*, 422 S.W.3d 594, 601 (Tex. 2013).

[4] *See id*. at 605.

[5] *See id*. at 606.

[6] *See id.*

[7] *See id*; *Lacy v. Bassett*, 132 S.W.3d 119, 123 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

[8] *See Masterson*, 422 S.W.3d at 605–06; *Lacy*, 132 S.W.3d at 123.

[9] *See Lacy*, 132 S.W.3d at 123.

Temple Society (hereinafter the "Temple Society"), seeking indemnity for all sums, including defense costs and expenses, Tadepalli may be compelled to pay as a result of the lawsuit against him by K.R. Thiagarajan, the appellant in Cause No. 14-13-00132-CV. Tadepalli identified two sources as the alleged bases for his indemnity claims: (1) the Temple Society's articles of incorporation, under which the Temple Society may indemnify a person against whom suit was filed because the person is or was an officer of the Temple Society and (2) common law, under which Tadepalli asserts the Temple Society must indemnify him because, at the time of the occurrence made the basis of Thiagarajan's lawsuit, Tadepalli allegedly was acting as an agent or vice-principal of the Temple Society, and his actions allegedly were done in furtherance of the Temple Society's business.

As the majority points out, Tadepalli alleged that the statements of which Thiagarajan complained in his lawsuit concerned matters related to the conduct and governance of the Temple Society and to other ecclesiastical matters, but this allegation does not mandate the conclusion that a court cannot determine Tadepalli's indemnity claims without resolving a religious controversy. Instead, this allegation is consistent with Tadepalli's contention that his allegedly actionable conduct was conduct within the scope of his work as secretary of the Temple Society, and that Tadepalli was sued because he is or was an officer of the Temple Society. Applying neutral principles of law, the trial court can determine whether Tadepalli's allegedly actionable conduct was conduct within the scope of his work as secretary of the Temple Society and whether Tadepalli was sued because he is or was an officer of the Temple Society.[10] The trial court need not

---

[10] *See Lacy*, 132 S.W.3d at 124–26.

4

resolve any religious controversies to do so.[11]

Likewise, to the extent Tadepalli's alleged entitlement to indemnity under the articles of incorporation conflicts with the permissive nature of indemnification under these articles, neutral principles of law can be applied to give effect to the Temple Society's right to decide not to grant indemnification under these articles.[12] Before the Temple Society may indemnify Tadepalli based upon this permissive-indemnification provision, a Texas statute requires a determination that Tadepalli "acted in good faith."[13] Presuming for the sake of argument that Tadepalli would have to show that he acted in good faith to recover under his indemnity claim based on the articles of incorporation, this issue is not inextricably intertwined with the ecclesiastical nature of the emails at issue. This court need not decide whether the contents of the Temple Society's library comports with the Hindu religion to determine whether Tadepalli acted in good faith in making the allegedly defamatory statements. Applying neutral principles of law, the trial court can determine whether Tadepalli acted in good faith and whether he acted within the scope of his duties as secretary, without resolving any religious controversies.[14]

As to Tadepalli's claims for common-law indemnity, Tadepalli relies upon a line of cases in which courts have held that an agent is entitled to indemnity from the principal for liability arising from the agent's conduct performed in the good

---

[11] *See id.*

[12] *See id.*

[13] Tex. Bus. Orgs. Code Ann. § 8.101(a)(1)(A) (West 2014); *See* Elizabeth S. Miller, *Fiduciary Duties, Exculpation, and Indemnification in Texas Business Organizations*, *in* CHOICE & ACQUISITION OF ENTITIES IN TEXAS, 1,7 (State Bar of Texas, 2014) *available at* http://www.baylor.edu/law/faculty/doc.php/117971.pdf.

[14] *See Lacy*, 132 S.W.3d at 124–26.

faith execution of the agency relationship.[15] This court, however, has concluded that the Supreme Court of Texas has abrogated this line of cases and that, as to claims that are subject to the comparative-responsibility statute, an agent is not entitled to indemnity under this line of cases and may obtain common-law indemnity only if the agent is held vicariously liable for the conduct of the principal.[16] Thiagarajan's defamation claims are subject to the comparative-responsibility statute.[17] Under Thiagarajan's live petition, Thiagarajan did not seek to impose liability on Tadepalli for the Temple Society's conduct, and Tadepalli does not allege in his third-party petition that Thiagarajan sought to impose liability on Tadepalli for the Temple Society's conduct. Therefore, the trial court may determine the merits of Tadepalli's common-law indemnity claims under these neutral principles of law, without addressing whether Tadepalli acted in good faith, and without resolving a religious controversy.[18]

*Conclusion*

This court correctly affirms the trial court's dismissal of Thiagarajan's claims against Tadepalli in Cause No. 14-13-00132-CV, and I concur in this court's judgment in that case. I respectfully dissent, however, as to this court's affirmance of the trial court's dismissal of the third-party indemnity claims in Cause No. 14-13-00133-CV. The trial court may exercise jurisdiction over Tadepalli's third-party indemnity claims against the Temple Society consistent

---

[15] *See Oats v. Dublin Nat'l Bank*, 90 S.W.2d 824, 829 (Tex. 1936); *Mercedes-Benz of No. Am., Inc. v. Dickenson*, 720 S.W.2d 844, 858 (Tex. App.—Fort Worth 1986, no writ).

[16] *See Chrisman v. Electrastart of Houston, Inc.*, No. 14-02-00516-CV, 2003 WL 22996909, at *3–4 (Tex. App.—Houston [14th Dist.] Dec. 23, 2003, no pet.) (mem. op.).

[17] *See* Tex. Civ. Prac. & Rem. Code Ann. §33.002 (West 2014); *Dugger v. Arredondo*, 408 S.W.3d 825, 831 (Tex. 2013).

[18] *See Lacy*, 132 S.W.3d at 124–26; *Chrisman*, 2003 WL 22996909, at *3–4.

6

with the Free Exercise Clause.  Therefore, the trial court erred in dismissing these claims for lack of jurisdiction, and this court should reverse the trial court's judgment and remand these claims.


/s/ Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Boyce and Jamison. (Boyce, J., majority).